UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

NATIONWIDE MUTUAL INSURANCE     :
COMPANY,                        :
                                :
          Plaintiff             :
                                :   NO. 3:CV-08-949
     -vs-                       :
                                :   (Judge Kosik)
                                :
TARA E. KOJSZA,                 :
                                :
          Defendant             :

## **MEMORANDUM AND ORDER**

This matter is before us on the motion of the defendant Tara Kojsza to remand, more appropriately to transfer, this declaratory judgment action to the Court of Common Pleas of Lackawanna County, Pennsylvania.

### Background

Defendant Kojsza was seriously injured in an automobile accident while she was a passenger in a vehicle owned by Michael Ulrich and was being negligently operated by Kara Sincavage.

At the time, defendant Kojsza was the owner of a home in Scranton. Her mother, Lori Zepponi, allegedly resided with her. The mother maintained a policy of automobile insurance with the plaintiff Nationwide Mutual Insurance Company, which provided underinsured motorist coverage, stacked, with a potential of underinsured coverage in the accident of $900,000.

Defendant made a demand on plaintiff insurance company for the available benefits under her mother's policy.  Plaintiff Nationwide refused to pay and filed the instant declaratory judgment action disputing the residency of defendant Kojsza at the time of the accident.  Nationwide claims defendant was not "regularly living" in the household of her mother to qualify for underinsured motorist benefits.

Defendant claims this action does not belong in federal court, despite diversity, because there are no issues of federal law.  Plaintiff claims this court can and should retain jurisdiction.  Both sides have briefed the matter.

### Decision

Of course, there are no federal questions present in this dispute between the parties.  The only federal question is unrelated, that is, whether we should retain jurisdiction because of the nature of the proceeding.

After a review of the authorities, we conclude that this is nothing more than a case of an insurance company coming to federal court, under diversity jurisdiction, to obtain declarations on purely state law matters.  We believe retaining jurisdiction is discretionary.

We believe the case of Nationwide Mutual Insurance Co. v. Yungwirth, 2005 WL 3070907 (W.D. Pa. Nov. 15, 2005) is both factually similar and contains reasoning we totally adopt.  In addition, defendant cites supporting cases within our own district.

Accordingly, we are obliged to dismiss the action in the absence of authority to transfer.[1]  However, plaintiff may transfer the action pursuant to state law.  See Moravian School Advisory Bd. v. Rawlins, 70 F.3d 270 (3d Cir. 1995); 42 Pa.C.S.A. § 5103(b)(1).

    SO ORDERED.


                                  *s/Edwin M. Kosik*
                                  United States District Judge

Dated: August 11, 2008

---

[1] McLaughlin v. Arco Polymers, Inc., 721 F.2d 426 (3d Cir. 1983).